UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HOWARD KIGER,<br><br>Plaintiff,<br><br>v.<br><br>TRACY JOHNSON, et al.,<br><br>Defendants. | No. 2:23-cv-1263 KJM DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants improperly handled his legal mail, deprived him of the right to access the court, failed to provide him adequate medical treatment, and retaliated against him in violation of his constitutional rights. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), motion to appoint counsel (ECF No. 3), and his complaint (ECF No. 1) for screening. For the reasons set forth below, the court will grant the motion to proceed in forma pauperis, deny the motion to appoint counsel, and dismiss the complaint with leave to amend.

**IN FORMA PAUPERS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

I.  **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.   Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") at Folsom State Prison.

(ECF No. 1 at 1.) He has identified the following defendants: (1) Tracy Johnson, warden at Folsom State Prison; (2) O. Arguinzoni, sergeant at Folsom State Prison; (3) John Doe (1-10), mailroom staff at Folsom State Prison; and (4) Jane Doe (1-10), mailroom staff at Folsom State Prison. (Id. at 2.)

Plaintiff alleges that standard procedure at Folsom State Prison provides that when inmates receive legal or confidential mail they are given a ducat and the inmate is responsible for picking up and signing for the item of mail. When the inmate picks up and signs for the item of mail, the mail is logged into the inmate's legal and/or confidential mail log. He states this procedure was not followed on three occasions in July and August 2022.

Plaintiff further claims that "[i]nmates may receive confidential correspondence from a legitimate Legal Service organization that consists of an established group of attorneys (Appellate Defenders Inc.) involved in the representation of offenders in judicial proceedings." (Id.) He states staff should open the mail in the presence of the inmate it was addressed to at the time of delivery.

Plaintiff states that on July 12, 2022, his "Legal and/or Confidential Mail from the Appellate Defenders Inc. was delivered to [his] housing cell Open and Unsigned for." (Id. at 3.) He states the mail "was blatantly thrown into [his] housing cell without even confirming" that it was his cell. (Id.) The item of mail "was stamped as Received on July 06, 2022" meaning it was "delivered Six (6) days later than the date received." (Id.) Plaintiff states the mail was from his attorney's office and need to be completed and returned within a specific time frame. Due to the six-day delay plaintiff had to immediately fill out and return the legal material. (Id.)

Plaintiff alleges that on July 26, 2022, his legal and/or confidential mail from the Alaska Innocence Project was delivered to his cell opened and unsigned for. (Id. at 4.) On August 29, 2022, his legal and/or confidential mail from the California Department of Corrections and Rehabilitation was delivered to his cell opened and unsigned for. (Id.) He further states that inmates "may receive Confidential Correspondence from All state (CA Department of Corrections and Rehabilitation) and federal officials appointed by the Governor or the President of the United States" and prison officials are required to open the letter in the presence of the

1  inmate. Plaintiff alleges that after each incident he filed a grievance about the mishandling of his
2  legal and/or confidential mail. (Id. at 4-5.)

3  Plaintiff states that he suffered emotional stress and panic as a result of the late arrival of
4  his legal mail. (Id. at 5.) He allges that the repeated failure to properly process his mail caused
5  "emotional distress that resulted in physical chest pains." (Id. at 12.) Plaintiff claims that the
6  mishandling of his mail also violated his right to access the court. (Id. at 7-8.) He further states
7  that he was subjected to mail delays in retaliation for filing grievances regarding the mishandling
8  of his confidential and/or legal mail. (Id. at 9-10.)

9  Plaintiff seeks ten million dollars in compensation for the violation of his rights. (Id. at
10  13.)

11  **III.     Failure to State a Claim**

12  **A. Right to Send and Receive Mail**

13  Plaintiff claims defendants violated his right because three items of mail was not opened
14  in his presence in compliance with proper procedure for legal mail. (ECF No. 1 at 3-5.)

15  Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52
16  F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, prison officials have a legitimate
17  governmental interest in imposing certain restraints on inmate or detainee correspondence to
18  maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on
19  other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The Ninth Circuit,
20  "recognize[s] that prisoners have a protected First Amendment interest in having properly marked
21  legal mail [including civil mail] opened only in their presence." Hayes, 849 F.3d at 1211. "[A]
22  plaintiff need not allege a longstanding practice of violating his First Amendment rights in order
23  to state a claim for relief on a direct liability theory." Id. at 1212. Isolated incidents of
24  interference without any evidence of improper motive or interference with the inmate's right to
25  counsel or access to the courts fails to show a constitutional violation. Smith v. Maschner, 899
26  F.2d 940, 944 (10th Cir. 1990). "Two or three pieces of mail opened in an arbitrary or capricious
27  way suffice to state a claim." Id. at 1211 (quoting Merriweather v. Zamora, 569 F.3d 307, 318
28  (6th Cir. 2009)) (internal quotations omitted).

Additionally, the Sixth Amendment prohibits guards from reading prisoner legal mail and protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened. Mangiaracina v. Penzone, 849 F.3d 1191 (9th Cir. 2017). However, merely negligent conduct on the part of prison officials is not sufficient to state a claim. Id.

The allegations are not sufficiently specific to show that plaintiff's rights were violated by prison officials' handling of his mail. In the complaint, plaintiff has stated mail was confidential and has indicated that the items of mail mishandled by prison officials was from (1) Appellate Defenders Inc.; (2) the Alaska Innocence Project; and (3) from CDCR. (ECF No. 1 at 3-4.) In order to state a claim, plaintiff must "clarify who sent the mail or whether it was properly marked as 'legal mail.'" Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).

"Mail to and from a prisoner's attorney is legal mail." Mills v. Rather, 1:21-cv-00977 SAB (PC), 2021 WL 3472164, at *1 (E.D. Cal. Aug. 6, 2021). Mail from the court or mail from public agencies or public officials is not legal mail. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996); Hayes v. Idaho Corr. Ctr., 849 F.3d at 1211; Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988). In any amended complaint, plaintiff should also specify whether he is presently being represented by Appellate Defenders Inc. and/or the Alaska Innocence Project. The court notes that mail from CDCR is not legal mail.

Additionally, to the extent plaintiff claims that prison officials' interference with his mail violated applicable regulations or policies, there is no implied private right to sue civilly for violation of Title 15 of the California Code of Regulations. See Holt v. Gardner, No. 1:19-cv-0772 LJO SAB (PC), 2020 WL 130527, at *4 (E.D. Cal. Jan. 10, 2020) ("[E]ven if [an item of mail] constitutes 'legal mail' under CDCR regulations, that does not mean the mail also constitutes 'legal' mail entitled to federal constitutional protections.") (citing Mann, 855 F.2d at 640).

**B. Access to the Court**

Plaintiff claims that defendants mishandling his mail has violated his right to access the courts. (ECF No. 1 at 7-8.)

////

6

The First Amendment guarantees the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. "It is well settled that the right to access the courts is subsumed within the right to petition." Laws v. City of Seattle, No. C09-033JLR, 2009 WL 3836122, at *3 (W.D. Wash. Nov. 12, 2009) (citing Bill Johnson's Rests., Inc. v. Nat'l Labor Relations Bd., 461 U.S. 731, 741 (1983)).

The right of access to the courts applies to nonfrivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. Lewis v. Casey, 518 U.S. 343, 353 n.3, 354-55 (1977). To state a First Amendment claim of denial of access to the courts, plaintiff must allege facts showing that he suffered an "actual injury" as a result of the defendants' alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). Actual injury may be shown if the alleged shortcomings "hindered his efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts." Id. Lewis, 518 U.S. at 351. Further, plaintiff must demonstrate that each defendant intentionally and actively misused their power to deny plaintiff access to the courts. Roman v. Allison, No. 1:11-cv-0730 MJS (PC), 2012 WL 293380, at *2 (E.D. Cal. Jan. 31, 2012); Funches v. Ebbert, 638 F. Supp. 2d 1014, 1019 (S.D. Ill. 2009) (citing Daniels v. Williams, 474 U.S. 327 (1986)).

Plaintiff alleges that the mishandling of his mail caused him to fear that he would miss deadlines. (ECF No. 1 at 7-8.) Such an allegations is not sufficient to state a claim. In any amended complaint, plaintiff must state facts showing that he was hindered in pursuing a nonfrivolous legal claim.

**C. Retaliation**

Plaintiff has alleged that after he submitted a grievance notifying prison officials that his legal and/or confidential mail had been mishandled, defendants retaliated by continuing to mishandle his legal mail. (ECF No. 1 at 9-10.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

7

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff has alleged officials mishandles his confidential and/or legal mail because he filed grievances complaining of such action.  However, plaintiff has not connected this action to any named defendant.  As set forth in further detail below, in order to state a claim, plaintiff must connect the harm to a specific named defendant.  Accordingly, the allegations are not sufficient to state a claim.

### D.  Medical Care

Plaintiff claims that his right to medical care was violated because he felt emotional distress that resulted in chest pain due to the mishandling of his mail. (ECF No. 1 at 12.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

8

"the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Plaintiff has not alleged any facts that would show that defendants were aware that he was suffering from chest pains. Thus, he cannot show that defendant's response to his medical need was deficient. In order to state a claim, plaintiff must allege facts showing that defendants had knowledge of his chest pain and failed to take proper action to treat his medical issue.

### E. Defendants

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). Under § 1983, plaintiff must link the named defendants to their participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

The complaint does not state any facts connecting the alleged harms to any named defendant. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). In any amended

////

complaint, plaintiff must state facts explaining what action, or inaction, each named defendant took that violated his rights.

Plaintiff has named John and Jane Doe defendants in this action.  The use of John Does in pleading practice is generally disfavored – but it is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  However, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

## AMENDING THE COMPLAINT

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

////

of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion requesting the appointment of counsel to represent him in this action. (ECF No. 3.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell

////

v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In support of his motion to appoint counsel, plaintiff argues he is unable to afford counsel, his imprisonment limits his ability to litigate, he has limited law library access, he has limited knowledge of the law, and a trial will likely involve conflicting testimony and counsel would better enable him to present evidence, cross examine witnesses, and afford him a fair trial. (ECF No. 3.) Plaintiff's arguments show nothing more than circumstances common to most inmates. Thus, his arguments do not support a finding of exceptional circumstances sufficient to warrant the appointment of counsel. Additionally, at the pleading stage the court cannot ascertain plaintiff's likelihood of success on the merits. Accordingly, the court will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to appoint counsel (ECF No. 3) is denied without prejudice.

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 24, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/kige1263.scrn