UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HOWARD KIGER, | No. 2:23-cv-1263 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| TRACY JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants improperly handled his legal mail, deprived him the right to access the court, failed to provide him with adequate medical treatment, and retaliated against him in violation of his constitutional rights. Presently before the court is plaintiff's motion for an extension of time to file an amended complaint (ECF No. 10) and motion to appoint counsel (ECF No. 11).

**I.     Motion for an Extension of Time**

Plaintiff seeks an additional sixty days to file an amended complaint. (ECF No. 10.) In support of the request, he cites mail delays, limited access to the law library, and the failure to prison officials to respond to his request for information. Good cause appearing, the court will grant the motion.

////

1

**II.     Motion to Appoint Counsel**

Plaintiff has also moved for the appointment of counsel. (ECF No. 11.) Therein he states, he is unable to afford counsel, his imprisonment prevents him from obtaining information required to identify defendants in the amended complaint, the issues involved in the case are complex requiring significant research and investigation, he has limited knowledge of the law, trial will involve conflicting testimony and counsel would ensure he receives a fair trial. (Id. at 1-2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has cited nothing more than circumstances common to most inmates and are insufficient to warrant the appointment of counsel. The court notes that plaintiff states prison officials have not responded to his requests for information. However, he has not indicated when he submitted a request for information. To the extent prison officials refuse to respond to his requests or indicate they cannot provide the requested information, plaintiff may file a renewed request for assistance in obtaining the necessary information. Accordingly, the motion to appoint counsel will be denied without prejudice to its renewal at a later stage of the proceedings.

////

2

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 10) is granted;
2. Plaintiff shall file an amended complaint within sixty days of the date of service of this order; and
3. Plaintiff's motion for the appointment of counsel (ECF No. 11) is denied without prejudice.

Dated: December 5, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/kige1263.eot+31