1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHNATHAN HOWARD KIGER,                No.  2:23-cv-1263 KJM DB P

12              Plaintiff,

13        v.                                ORDER

14   TRACY JOHNSON, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants improperly handled his legal mail in violation of

19   his constitutional rights.  Presently before the court is plaintiff's motion to appoint counsel (ECF

20   No. 14) and his first amended complaint for screening (ECF No. 13).  For the reasons set forth

21   below, the undersigned deny the motion to appoint counsel without prejudice and dismiss the

22   amended complaint with leave to amend.

23                              **SCREENING**

24   **I.      Legal Standards**

25        The court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

27   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

28   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

                                    1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

12  AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

13  (1957)).

14      However, in order to survive dismissal for failure to state a claim a complaint must

15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21      The Civil Rights Act under which this action was filed provides as follows:

22      Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation
23      of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,
24      or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

28  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   Allegations in the Complaint

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at Folsom State Prison ("FSP").  (ECF No. 13 at 1.)  He has identified the following defendants: (1) FSP Warden Tracy Johnson and (2) FSP Lieutenant O'Hagan.  (Id.)

Plaintiff states, defendant Johnson "is charged with operating Folsom State Prison, maintaining safety, security, and administering Folsom State Prisons personnel/employees and prisoners [sic] population."  (Id. at 2.)  He further states, "the Defendant is alleged to have violated Plaintiffs [sic] protected Right to correspondence under the 1st, 5th, and 14th Amendments and his State created right to Appeal."  He further alleges Johnson "had evidence that an employee in her mailroom opened up his confidential legal mail outside Plaintiffs [sic] Federally protected procedural due process Right to be present at its opening."  (Id.)  He claims Johnson "had a clear duty to investigate, and emplace [sic] proper protections to insure [sic] such occurrences do not happen again, as if confidential legal mail is truly accidently opened, employees are to follow a procedural process and that process was not followed."  (Id. at 2-3.)

Plaintiff further alleges "Johnson illegally operated the appeal against Defendant O'Hagan as a dead end when it was falsely documented that Defendant O'Hagan was merely closing the second claim, which was already done, and only Defendant Johnson had the authority to do as 'Hiring Authority.'"  (Id. at 3.)  Plaintiff states O'Hagan "injected himself into the Grievance

3

Process as a mere intimidator to keep [plaintiff] from pursuing his State created Right to appeal for the assertion of his Federally Protected Rights." (Id.)

Plaintiff also alleges that "[d]ue to the violations of State created Federally Protect mail Rights, that Right also led to violations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA Rights) which are also Federally Protected." (Id.)

### III.    Does Plaintiff State a Claim under § 1983?

#### A. FAC Fails to Correct Deficiencies Noted in Prior Screening Order

Plaintiff was previously advised that the allegations in the original complaint were not sufficiently specific to state a potentially cognizable claim. (ECF No. 7 at 6.) In the original complaint, plaintiff provided facts regarding when alleged rights violations occurred and some information about the senders or recipients of the items of mail plaintiff claims were mishandled. (ECF No. 1 at 2-5; ECF No. 7 at 4-5.) The court notes that the allegations contained in the first amended complaint are less specific than the allegations contained in the original complaint because plaintiff has failed to state when the alleged violations took place and who sent the correspondence at issue.

Plaintiff was also advised that in order to state a claim under § 1983, he must link the named defendant to their participation in the alleged rights violation. (ECF No. 7 at 9.) The amended complaint identifies two defendants FSP Warden Tracy Johnson and FSP Lieutenant O'Hagan. (ECF No. 13 at 1.) However, as set forth below, the allegations against each of these defendants are too conclusory to state a potentially cognizable claim.

#### B. Mail

As plaintiff was previously advised (ECF No. 7 at 5-6), prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, prison officials have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The Ninth Circuit, "recognize[s] that prisoners have a

////

4

protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence."  Hayes, 849 F.3d at 1211.

"[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory."  Id. at 1212.  Isolated incidents of interference without any evidence of improper motive or interference with the inmate's right to counsel or access to the courts fails to show a constitutional violation.  Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).  "Two or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim."  Id. at 1211 (quoting Merriweather v. Zamora, 569 F.3d 307, 318 (6th Cir. 2009)) (internal quotations omitted).

Additionally, the Sixth Amendment prohibits guards from reading prisoner legal mail and protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened.  Mangiaracina v. Penzone, 849 F.3d 1191 (9th Cir. 2017).  However, merely negligent conduct on the part of prison officials is not sufficient to state a claim.  Id.

Plaintiff was previously advised of the legal standards applicable to a claim for violation of his right to send and receive mail.  (ECF No. 7 at 5-6.)  However, the deficiencies identified in the prior screening were not remedied in the first amended complaint.  In the amended complaint, plaintiff claims his right to send and receive mail has been violated.  (ECF No. 13 at 2-3.)  He has not, however, provided any facts stating when the alleged violations occurred or any additional supporting facts.  Therefore, the allegations in the amended complaint are insufficient to state a potentially cognizable claim.  In any amended complaint plaintiff must allege facts indicating (1) when the alleged violations took place; (2) clarify who sent the mail; (3) indicate whether it was properly marked as legal mail; and (4) connect the alleged mishandling to a named defendant.

**C.  Supervisory Liability**

Plaintiff alleges that FSP Warden Tracy Johnson violated his rights because the warden is responsible for the operation of the prison facility and has a duty to protect his rights.  (ECF No. 13 at 2.)

Such allegations are not sufficient to state a potentially cognizable claim because supervisory personnel are generally not liable under § 1983 for the actions of their employees

5

1   under a theory of respondeat superior and, therefore, when a named defendant holds a

2   supervisorial position, the causal link between him and the claimed constitutional violation must

3   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

4   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

5   involvement of official personnel in civil rights violations are not sufficient.  See Ivey .v Board of

6   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7        Plaintiff could potentially state a claim against supervisory defendants by identifying a

8   policy instituted by these defendants that harmed him or that the supervisor failed to adequately

9   train subordinate employees.  In order to state a claim based on such a theory of liability, plaintiff

10  must: (1) identify the policy with specificity, (2) show that the defendant was directly responsible

11  for it, (3) show that the defendant knew the policy could cause plaintiff harm, and (4) show how

12  the policy caused him harm.  See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011).  To

13  allege a defendant failed to train him, plaintiff must show: (1) that the defendant was responsible

14  for training, (2) just what the defendant did or did not do, (3) that the defendant knew his actions

15  could cause plaintiff harm, and (4) that the actions did cause plaintiff harm.  See Edgerly v. City

16  & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when

17  no facts "suggest [Sheriff] provided any training to Officers . . . ., or that he was responsible for

18  providing formal training to any officers.").

19              **D.  Grievance**

20        Plaintiff insinuates that his rights were violated in connection with a grievance.  He

21  references a "right to appeal . . . next level processing, for which Defendant Johnson illegally

22  operated the appeal against Defendant O'Hagan as a dead end."  (ECF No. 13 at 3.)  He further

23  states that O'Hagan "interjected himself into the Grievance Process as a mere intimidator to keep

24  [plaintiff] from pursuing his State created Right to appeal . . . ."  (Id.)

25        It is well-settled that prisoners have no separate constitutional entitlement to a specific

26  grievance procedure.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez

27  v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann, 855 F.2d at 640)).  Accordingly, any

28  ////

1   allegation that his grievance was not properly handled or processed by defendants fails to state a

2   claim.

3          **E.  HIPAA**

4          Plaintiff claims that the violation of his right to send and receive mail "also led to

5   violations of HIPAA.  (ECF No. 13 at 3.)  Plaintiff's claims of a HIPAA violation will not be

6   addressed here.  See Wilkerson v. Shineski, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("HIPAA

7   does not create a private right of action for alleged disclosures of confidential medical

8   information.").  If plaintiff feels his HIPAA rights to confidentiality of his medical information

9   have been violated, he may submit a complaint with the Department of Health and Human

10  Services.  See https://www.hhs.gov/hipaa/filing-a-complaint/index.html.

11         **IV.    Amending the Complaint**

12         As set forth above, the first amended complaint fails to state a potentially cognizable

13  claim.  However, plaintiff will be given the option to file an amended complaint.  Plaintiff is

14  advised that in an amended complaint he must clearly identify each defendant and the action that

15  defendant took that violated his constitutional rights.  The court is not required to review exhibits

16  to determine what plaintiff's charging allegations are as to each named defendant.  The charging

17  allegations must be set forth in the amended complaint, so defendants have fair notice of the

18  claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

19  of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

20  Civ. P. 8(a).

21         Any amended complaint must show the federal court has jurisdiction, the action is brought

22  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

23  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

24  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

25  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

26  of a constitutional right if he does an act, participates in another's act or omits to perform an act

27  he is legally required to do that causes the alleged deprivation).

28  ////

1   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

2   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

3   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

5   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

6   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

8   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

9   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

10   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

11   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

12   An amended complaint must be complete in itself without reference to any prior pleading.

13   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

14   Any amended complaint should contain all of the allegations related to his claim in this action.  If

15   plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

16   complaint.

17   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

18   has evidentiary support for his allegations, and for violation of this rule the court may impose

19   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20                              **MOTION TO APPOINT COUNSEL**

21   Plaintiff filed a motion to appoint counsel.  (ECF No. 14.)  In support of his request, he

22   argues that he is unable to afford counsel, his incarceration prevents him from obtaining

23   investigative information, his imprisonment limits his ability to litigate, he has limited knowledge

24   of the law, and a trial will involve conflicting testimony and counsel would better enable him to

25   present evidence and call witnesses.  (Id. at 1-2.)

26   The United States Supreme Court has ruled that district courts lack authority to require

27   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

28   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has cited nothing more than circumstances common to most inmates.  Accordingly, the court will deny the motion without prejudice.

The court notes that this is the third motion to appoint counsel plaintiff has filed in this action.  (See ECF Nos. 3, 11.)  The two prior motions were based on the same arguments presented in the instant motion.  Plaintiff is advised that, under Federal Rule of Civil Procedure 11(b), a prisoner's claims are considered frivolous if they "merely repeat [] pending or previously litigated claims."  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  Plaintiff is cautioned that additional motions based on the same arguments the court has previously rejected may result in the imposition of sanctions.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 14) is denied.

2. Plaintiff's first amended complaint (ECF No. 13) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear

////

the docket number assigned to this case and must be labeled "Second Amended Complaint."

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 30, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/kige1263.scrn2+31