UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HOWARD KIGER, | No. 2:23-cv-1263 KJM SCR P |
| Plaintiff, | |
| v. | ORDER |
| TRACY JOHNSON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, this court dismisses the second amended complaint with leave to amend.

**SCREENING**

**I.     Legal Standards**

As described in the court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978).  Plaintiff may demonstrate that connection by alleging facts showing:  (1) a defendant's

1

"personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II. Discussion

### A. Allegations in the Second Amended Complaint (ECF No. 16)

Plaintiff is incarcerated at Folsom State Prison ("the Prison"). He complains of conduct that occurred there in 2022. Plaintiff identifies two defendants: Warden Tracy Johnson and Lieutenant O'Hagan. In addition, plaintiff complains of conduct by unnamed defendants Does 1-10.

Plaintiff alleges the following: The Prison has procedures for prisoners' legal mail. Those procedures specify that staff opens legal mail in the presence of the prisoner, they log the legal mail, and the prisoner signs that they have received it.

On July 12, 2022, plaintiff's mail from "Appellate Defenders Inc." was delivered to him in his cell. The mail had been opened. A stamp on the letter showed that it was received by the Prison on July 6. Due to the delay, plaintiff had to rush to fill out the documents received to return them in time.

On July 26, plaintiff again received mail in his cell, this time from the "Alaska Innocence Project," that had been opened. And, on August 29, plaintiff received opened mail from the California Department of Corrections and Rehabilitation ("CDCR") that was marked "Personal, Confidential and Important Information Enclosed" on the envelope. That mail contained confidential medical information.

Plaintiff filed grievances about each incident. On October 26, plaintiff received a response to his grievance regarding the July 26 incident. On November 7, plaintiff was interviewed by defendant O'Hagan about the grievance. Plaintiff "feels" this was done as "mere intimidation" to keep him from pursuing his grievances.

////

Defendant Johnson "had evidence" plaintiff's legal mail had been opened, but failed to do anything to stop it from happening again. In addition, Johnson "illegally operated the Appeal against Defendant O'Hagan as a dead end."

**B. Does Plaintiff State Claims Cognizable under §1983?**

### 1. Interference with Legal Mail

Plaintiff alleges unnamed mailroom staff improperly opened two items of legal mail outside his presence. In the initial screening order, the court found plaintiff failed to state a cognizable mail claim and set out the standards to do so. (ECF No. 7 at 5-6.) The court informed plaintiff that he must also "'clarify who sent the mail or whether it was properly marked as 'legal mail.'"" (ECF No. 7 at 6 (quoting Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017))). The court explained that mail from a prisoner's attorney is protected legal mail but mail from a court or public agency is not. (Id. (citations omitted)).

Plaintiff states that he was represented by Appellate Defenders in July 2022. He does not, however, state whether he was represented by attorneys with the Innocence Project or sought to be represented by them. Further, plaintiff does not allege that the envelopes containing either piece of mail were marked as legal mail. Nonetheless, given the lack of clear guidance from the Ninth Circuit or Supreme Court on this issue, this court finds plaintiff's allegations minimally sufficient at this screening stage to identify the two items of opened mail he received in July 2022 as "legal mail" protected under the First and/or Sixth Amendments. As a judge of this court pointed out recently,

> The Ninth Circuit has not provided a definitive answer as to how legal mail must be labeled to be "properly marked" and has declined to "decide whether mail clearly sent from a lawyer to an inmate but lacking the "Legal Mail" designation may be opened outside the presence of the inmate." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *see Evans v. Gower*, No. 2:17-CV-01162-MK, 2022 WL 3226968, at *8 (D. Or. Aug. 10, 2022) ("Since *Hayes*, the Ninth Circuit has left open the question of what exactly constitutes "properly marked" legal mail.").

Jackson v. Quick, No. 1:19-cv-1591 JLT EPG PC, 2022 WL 7688183, at *7 (E.D. Cal. Oct. 13, 2022), rep. and reco. adopted, 2023 WL 24180 (E.D. Cal. Jan. 3, 2023); see also Price v.

3

Yeramishyn, No. 5:23-CV-00608-JLS (GJS), 2023 WL 11813077, at *10 (C.D. Cal. Nov. 30, 2023) ("[U[nder the present state of the caselaw, it is not entirely clear that mail simply listing an attorney as sender constitutes 'properly marked legal mail' under the Supreme Court and Ninth Circuit First and Sixth Amendment precedent.")

While plaintiff states a minimally sufficient claim regarding his legal mail, he does not identify by name any defendants responsible for the alleged interference with his mail. The use of unnamed "Doe" defendants in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp. 2d 1149, 1152 (E.D. Cal. 2008). However, the court cannot serve a complaint on unknown defendants. See Montgomery v. Wong, 2:20-cv-1515 DB P, 2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021). Plaintiff must make every effort to identify those defendants by name. If plaintiff is unable to do so, he may be afforded an opportunity for limited, preliminary discovery to identify the names of the Doe defendants "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.

Plaintiff's claim for interference with his legal mail will be dismissed with leave to amend to permit plaintiff the opportunity to identify the defendants responsible for the alleged violation.

**2. Confidential Medical Mail**

With respect to plaintiff's claim regarding confidential mail from CDCR, such mail is not "legal mail" protected by the First and/or Sixth Amendments. See Keenan, 83 F.3d at 1094. Rather, the opening of plaintiff's mail from CDCR may implicate his rights to medical privacy. Ninth Circuit law establishes that a prisoner does have limited due process rights to privacy in medical records. Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). However, those rights are subject to the prison system's legitimate penological interests. See id. at 534-35; Doe v. Delie, 257 F.3d 309, 317 (3rd Cir. 2001). Plaintiff does not allege the prison had no penological interest in opening the mail from CDCR. Rather, plaintiff only complains that it was opened outside his presence. Plaintiff will be given the opportunity to amend his complaint to attempt to

state a claim regarding the opening of the mail from CDCR. Plaintiff is reminded that he must make every effort to identify the person or persons responsible for opening the mail.

### 3. Claim Against Defendant O'Hagan

Plaintiff's allegations against defendant O'Hagan are essentially identical to those the court found insufficient previously. (See ECF Nos. 13 at 3; 15 at 3-4, 6-7.) The only difference appears to be that plaintiff identifies this claim, for the first time, as one for retaliation. To state a claim for retaliation under the First Amendment, a prisoner must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff's allegations are insufficient to state a cognizable claim for retaliation. Plaintiff fails to allege facts showing O'Hagan's actions were "adverse." All Plaintiff alleges is that O'Hagan interviewed him by telephone in connection with his grievances. Further, plaintiff's speculation that O'Hagan conducted the interview in retaliation for plaintiff filing grievances is not sufficient to show causation. Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). "[A] plaintiff must show that his protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (internal citations and quotation marks omitted). The causation must be but-for causation: in other words, without the retaliatory animus, the adverse action would not have been taken. Hartman v. Moore, 547 U.S. 250, 260 (2006). Here, Plaintiff alleges that that O'Hagan interviewed him about a grievance that had already been denied, but that mild administrative irregularity—without more— is insufficient to demonstrate retaliatory intent.

If plaintiff finds he can allege facts sufficient to state a retaliation claim against O'Hagan, he may attempt to do so in an amended complaint.

////

### 4. Claim against Defendant Johnson

Like his claim against O'Hagan, plaintiff makes the same allegations against Johnson that he made in the first amended complaint. The court previously set out the standards for stating a claim of supervisory liability. (ECF No. 15 at 5-6.) While this court finds it unlikely plaintiff can state a claim against Johnson, he will be given one more opportunity to do so.

## CONCLUSION

This court finds above that plaintiff fails to state any claims for relief cognizable under §1983. This court will dismiss the second amended complaint and give plaintiff leave to file a third amended complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.

1  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
2  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
3  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

4     The Federal Rules of Civil Procedure contemplate brevity.  Plaintiff's claims must be set
5  forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A.,
6  534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which
7  was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  However, "a
8  complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on
9  its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570).  A claim is
10  plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference
11  that the defendant is liable for the misconduct alleged."  Id.

12     An amended complaint must be complete in itself without reference to any prior pleading.
13  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.
14  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
15  evidentiary support for his allegations, and for violation of this rule the court may impose
16  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

17     For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as
18  follows:

19      1. Plaintiff's second amended complaint (ECF No. 16) is dismissed with leave to amend.
20      2. Plaintiff is granted thirty days from the date of service of this order to file an amended
21  complaint that complies with the requirements of the Federal Rules of Civil Procedure and the
22  Local Rules of Practice.  The amended complaint must bear the docket number assigned this case
23  and must be labeled "Third Amended Complaint."  Failure to file an amended complaint in
24  accordance with this order may result in a recommendation that this action be dismissed.
25  ////
26  ////
27  ////
28  ////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 2, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE