UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HOWARD KIGER, | No. 2:23-cv-1263 DC SCR P |
| Plaintiff, | |
| v. | ORDER |
| TRACY JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motions for the appointment of counsel and for extensions of time. (ECF Nos. 18, 19, 26, 27.) For the reasons set forth below, this court denies the motions for appointment of counsel, grants plaintiff an extension of time to file a third amended complaint, and provides plaintiff the opportunity to conduct limited discovery to determine the identities of the "Doe" defendants.

**MOTIONS FOR APPOINTMENT OF COUNSEL**

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining

1

whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff filed motions for the appointment of counsel in April and again in October.  (ECF Nos. 18, 27.)  Plaintiff's first motion was based on his assertion that he was unable to proceed with this case because he had been transferred to the Riverside County Jail and did not have access to legal resources.  Since then, plaintiff has informed the court that he was returned to Folsom State Prison.  (ECF No. 21.)  Plaintiff's most recent filing shows that he remains at Folsom State Prison.  (ECF No. 27.)  Because the underlying basis for plaintiff's initial motion is no longer relevant, that motion (ECF No. 18) will be denied.

In his recent motion for counsel, plaintiff provides numerous reasons for his request:  (1) he cannot afford counsel, (2) the prison is not assisting plaintiff in his attempts to identify mailroom staff who he currently identifies as Doe defendants, (3) the issues in this case are complex, (4) he is visually impaired and disabled due to having only one eye, (5) he has limited knowledge of the law, and (6) he will require counsel for trial.  Plaintiff's lack of funds to hire counsel and limited knowledge of the law are not exceptional circumstances; they are common to most prisoners.  Further, at this early stage of the proceedings, the issues in this case are not complex.  In the screening orders, the court provided plaintiff with the legal standards for stating his claims and pointed out the deficiencies in plaintiff's complaints.  Plaintiff need not prove his claims to prepare a third amended complaint.  He need only allege facts to support them.  For these reasons, plaintiff does not require assistance at this time obtaining evidence and preparing for trial.

This court is sensitive to plaintiff's disability and the difficulty it must cause in litigating this case.  However, plaintiff has demonstrated an ability to sufficiently articulate his claims – in

fact the court found plaintiff stated claims for interference with his mail and just needs to identify the responsible defendants in a third amended complaint. (ECF No. 24 at 3.)

This court is concerned about plaintiff's allegation that he has been unable to identify those working in the mail room at the times he contends his mail was opened. Plaintiff will be given the opportunity to submit a discovery request to the warden at Folsom State Prison to obtain the names of prison staff working in the mail room at the times in question. Plaintiff is advised that, at this point, he may only obtain the names of those staff members. In his motions, plaintiff indicates he also seeks a description of their duties. If this case is permitted to proceed to discovery, plaintiff may then seek additional information about the defendants he has identified.

For these reasons, plaintiff's recent motion for the appointment of counsel (ECF No. 27) will be denied and plaintiff will be given the opportunity to conduct limited discovery.

**MOTIONS FOR EXTENSION OF TIME**

Plaintiff's motions for an extension of time are largely based on the reasons set out in his motions for the appointment of counsel. Because the basis for his April motion (ECF No. 19) is no longer present, this court will deny that motion. Because this court will provide plaintiff an opportunity to conduct discovery, he will be granted an extension of time to file a third amended complaint.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that

1. Plaintiff's motions for the appointment of counsel (ECF Nos. 18, 27) are denied.
2. Plaintiff's April 25, 2024 motion for an extension of time (ECF No. 19) is denied.
3. Plaintiff's October 17, 2024 motion for an extension of time (ECF No. 26) is granted. Plaintiff shall file a third amended complaint within 60 days of the date of this order.
4. Plaintiff may submit an interrogatory under Federal Rule of Civil Procedure 33 to the warden of Folsom State Prison for the names of the staff members working in the mail room at the time plaintiff contends his legal and private mail was opened. Within fifteen days of receipt of that interrogatory, the warden or an appropriate prison official shall provide plaintiff with a response to that interrogatory.

////

5. The Clerk of the Court is directed to serve a copy of this order on the Warden and on the Litigation Coordinator at Folsom State Prison.

DATED: October 29, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE