1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHNATHAN HOWARD KIGER,              No.  2:23-cv-1263 DC SCR P

12              Plaintiff,

13         v.                              ORDER

14    TRACY JOHNSON, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18    action under 42 U.S.C. § 1983.  On July 21, 2025, the undersigned screened plaintiff's third

19    amended complaint and determined it failed to state any claims upon which relief can be granted.

20    (ECF No. 31.)  Specifically, plaintiff failed to plead facts linking any of the twenty named

21    defendants to the alleged unlawful interference with his legal mail.  Plaintiff was given thirty days

22    to file a fourth amended complaint.  (Id.)  Plaintiff now requests a ninety-day extension of time to

23    file his amended complaint.  (ECF No. 33.)  For good cause shown, plaintiff's request is granted.

24         Plaintiff has also filed a motion for appointment of counsel.  (ECF No. 32.)  For the

25    reasons set forth below, the undersigned finds that plaintiff has not demonstrated the exceptional

26    circumstances necessary to warrant the court to request the voluntary appointment of counsel.

27    /////

28    /////

1

## PLAINTIFF'S MOTION TO APPOINT COUNSEL

### I.    Plaintiff's Motion

Plaintiff states that he is continuing to face unlawful interference with his legal mail. (ECF No. 32 at 1-2.)  However, he has been unable to identify the individuals responsible.  He requests the assistance of counsel to help him identify these individuals and cure the linkage problems identified in the court's screening orders.  (Id. at 2.)

Plaintiff claims his imprisonment is preventing him from obtaining the "significant investigative information" needed to identify defendants and prison officials will not assist.  (ECF No. 32 at 2-3.)  He is indigent and cannot hire a private investigator on his own.  (Id. at 3.)  Further, plaintiff also has a visual impairment that causes migraine headaches from excessive reading.  As a result, he is unable to study federal law or navigate the complex legal issues involved in his case.  (Id.)  Finally, plaintiff claims reprisal has increased since the court allowed him to file an interrogatory regarding prison mailroom staff.  (Id.)

### II.    Legal Standard

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel.  For example, appointed counsel may be required in a civil proceeding as an accommodation for a

1  litigant who is disabled.  See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013

2  WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of

3  mentally disabled individuals in civil immigration proceedings on their request for appointed

4  representatives under the Rehabilitation Act).  Due process may also require appointment of

5  counsel in certain proceedings.  See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing

6  request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S.

7  319 (1976), procedural due process framework).

8      **III.    Discussion**

9          Having considered the authorities above, the court finds that plaintiff has failed to meet

10  his burden of demonstrating exceptional circumstances warranting the appointment of counsel at

11  this time.  Plaintiff's indigency and lack of legal education and investigation resources are

12  circumstances common to most prisoners.  While the court is sympathetic to plaintiff's visual

13  impairments, his pleadings and investigation so far – particularly his efforts between his second

14  and third amended complaint to identify the prison's mailroom staff – suggest to the court that he

15  is able to meaningfully prosecute his case.  Cf. Franco-Gonzalez, 2013 WL 3674492, at *4

16  (appointing counsel under Rehabilitation Act where plaintiffs' mental health disabilities

17  prevented their meaningful participation in court proceedings).

18          The court recognizes that it is extremely difficult for plaintiff to identify the mailroom

19  staff responsible because the alleged mail interference is not happening in his presence.  But as

20  the court explained in the screening order, plaintiff must do more than list twenty people who are

21  potentially responsible for the alleged violations of his rights.  Plaintiff can provide facts, based

22  on information and belief, that support reasonable inferences of a defendant's interference with

23  his legal mail.  Examples of such facts include the person's position and responsibilities in the

24  mailroom, their shifts, which housing units they are responsible for, and so forth.  Should plaintiff

25  choose to file a fourth amended complaint, he is advised to include such facts to the best of his

26  abilities.

27          Finally, regarding the alleged reprisals for his investigation, plaintiff is advised that he

28  may file a new action or seek to supplement his complaint pursuant to Rule 15(d) of the Federal

Rules of Civil Procedure. That rule states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 32) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 33) is granted; and

3. Plaintiff is granted ninety days from the date of this order in which to file a fourth amended complaint.

DATED: August 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE