UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HOWARD KIGER,<br>Plaintiff,<br>v.<br>TRACY JOHNSON, et al.,<br>Defendants. | No. 2:23-cv-1263 DC SCR P<br><br>ORDER |

Plaintiff, who was formerly incarcerated in state prison, is proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff has requested an extension of time to file objections to the findings and recommendations dated August 25, 2026, recommending that several of the claims and defendants in his fourth amended complaint be dismissed without leave to amend. ECF No. 43. Good cause appearing, plaintiff's request will be granted.

Plaintiff also requests the appointment of counsel based on his indigency, lack of stable address, and the complexity of his legal claims. ECF No. 43. District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to

evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Having considered the relevant factors, the undersigned finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances or other grounds warranting the appointment of counsel at this time. Plaintiff's indigency is a circumstance that is common to most incarcerated litigants proceeding pro se (or formerly incarcerated litigants, in Plaintiff's case). Moreover, as Defendants have not yet returned service, it is far too early in the proceedings to determine Plaintiff's likelihood of success on the merits. Finally, Plaintiff's successful use of early discovery to identify several Doe defendants gives the undersigned confidence that he can prosecute his case pro se, at least at this very early stage of the proceedings.

Accordingly, Plaintiff's motion to appoint counsel is denied. The denial is without prejudice to re-filing at a later stage of case.

////

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 43) is granted;

2. Plaintiff is granted 60 days from the date of this order in which to file objections to the findings and recommendations; and

3. Plaintiff's motion for appointment of counsel (ECF No. 44) is denied without prejudice.

DATED: October 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE